**Opinion issued December 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00281-CR

————————————

**JAMES REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1335510**

---

## MEMORANDUM OPINION

Appellant, James Reed, pleaded guilty to the offense of failing to register as a sex offender and pleaded "true" to a felony enhancement. The trial court found appellant guilty, found the enhancement true, and, in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for

10 years.  The trial court certified that this is a plea-bargain case and that appellant does not have the right of appeal.  Appellant, proceeding pro se, filed a notice of appeal.  We dismiss the appeal for lack of jurisdiction.

In a plea-bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal.  TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

The trial court's certification states that this is a plea-bargain case and that appellant does not have the right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The trial court did not rule adversely to appellant on any matters raised by written motion and ruled on before trial, and the trial court did not give permission for appellant to appeal. *See id*.  The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant does not have the right to appeal, we must dismiss his appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).